IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| RONALD HENDERSON, aka RONNIE HENDERSON | ) ) ) | CV. NO. 07-00101 DAE LEK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| ALEXANDER & BALDWIN, INC. dba HAWAIIAN COMMERCIAL & SUGAR COMPANY, ILWU LOCAL NO. 142; WILLIE KENNISON, JOZETTE MONTALVO, GLENN MONTALVO, ROBERTO ANDIRON, TEDDY ESPELETA, SAMUEL L. RODRIGUEZ, ABEL KAHOOHANOHANO, JOE KEANE, DAVID LOPES, STEVEN DIAZ , | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANTS JOZETTE MONTALVO,
GLENN MONTALVO, SAMUEL L. RODRIGUEZ, AUGUSTINE JOAQUIN
(MISIDENTIFIED AS "JOE KEANE"), DAVID LOPES,
<u>AND STEVEN DIAZ'S MOTION TO DISMISS</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Defendants' motion and the

supporting memoranda, the Court GRANTS  Defendants Jozette Montalvo,

Glenn Montalvo, Samuel L. Rodriguez, Augustine Joaquin (misidentified as "Joe Keane"), David Lopes, and Steven Diaz's (collectively, "Moving Defendants") Motion to Dismiss Complaint.

## BACKGROUND

On February 28, 2007, Plaintiff Ronald Henderson, pro se, filed a Complaint against Defendants Alexander & Baldwin, Inc., dba Hawaiian Commercial & Sugar Company, ILWU Local No. 142; Willie Kennison, and Moving Defendants for employment discrimination under Title VII. The act complained of in this suit is termination of employment based on race/color.

On March 26, 2007, Moving Defendants filed a Motion to Dismiss on the grounds that Plaintiff's Complaint may not be maintained against them as a matter of law, since in the Ninth Circuit, individuals are not personally liable under Title VII. On June 4, 2007, co-defendant ILWU Local 42 filed a Statement of Non-Opposition. Plaintiff did not file an opposition.

## STANDARD OF REVIEW

A motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Review is limited to the contents of the complaint. Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). Allegations of fact in the complaint must be taken

as true and construed in the light most favorable to the plaintiff. <u>Livid Holdings Ltd. v. Salomon Smith Barney, Inc.</u>, 416 F.3d 940, 946 (9th Cir. 2005). A complaint does not need to include detailed facts to survive a Rule 12(b)(6) motion to dismiss. <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1965 (2007). However, in providing grounds for relief, a plaintiff must do more than recite the formulaic elements of a cause of action. <u>Id.</u> at 1966. Plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence. In other words, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. <u>Id.</u> at 1974. "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." <u>McGlinchy v. Shell Chem. Co.</u>, 845 F.2d 802, 810 (9th Cir. 1988).

Because Plaintiff is proceeding pro se, however, the Court has an obligation to construe his Complaint liberally. <u>Bernhardt v. Los Angeles County</u>, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints."). Pro se plaintiffs in a civil rights action must be afforded the benefit of any doubt. <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, "[a] pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be

cured by amendment.'" Id. (quoting Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir. 1987)).  "Before dismissing a pro se civil rights complaint for failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies."  Id.  This does not mean that the district court must act as legal advisor to the plaintiff, but that the court must "draft a few sentences explaining the deficiencies."  Id. at 625 (quoting Noll, 809 F.2d at 1449).

## DISCUSSION

Moving Defendants argue that their alleged violations of Title VII should be dismissed because the Moving Defendants cannot be held personally liable for Title VII violations.

The Ninth Circuit has held that individual employees, including supervisors, are not liable for damages under Title VII.  Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587 (9th Cir. 1993) ("individual defendants cannot be held liable for damages under Title VII"); see also Sherez v. State of Hawai'i Dept. of Educ., 396 F. Supp. 2d 1138, 1145 (D. Haw. 2005).

Therefore, Moving Defendants' Motion to Dismiss Complaint is GRANTED.

## CONCLUSION

For the reasons stated above, the Court GRANTS Jozette Montalvo, Glenn Montalvo, Samuel L. Rodriguez, Augustine Joaquin (misidentified as "Joe Keane"), David Lopes, and Steven Diaz's Motion To Dismiss and DISMISSES the Complaint as against them.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 21, 2007.



_____
David Alan Ezra
United States District Judge

Henderson v. Alexander & Baldwin, Inc., et al., CV No. 07-00101 DAE-LEK; ORDER GRANTING DEFENDANTS JOZETTE MONTALVO, GLENN MONTALVO, SAMUEL L. RODRIGUEZ, AUGUSTINE JOAQUIN (MISIDENTIFIED AS "JOE KEANE"), DAVID LOPES, AND STEVEN DIAZ'S MOTION TO DISMISS