IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| RONALD HENDERSON, AKA RONNIE HENDERSON, | ) ) | CIVIL NO. 07-00101 DAE-LEK |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| ALEXANDER & BALDWIN, INC., DBA HAWAIIAN COMMERCIAL & SUGAR COMPANY, ET AL., | ) ) ) | |
| Defendants. | ) ) | |

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR JURY TRIAL**

Before the Court is Plaintiff Ronald Henderson, aka Ronnie Henderson's ("Plaintiff") Motion for Jury Trial ("Motion"), filed on June 14, 2007.  This matter came on for hearing on July 24, 2007.  Plaintiff appeared pro se by phone. Patrick H. Jones, Esq., appeared on behalf of Defendant Alexander & Baldwin, Inc., dba Hawaiian Commercial & Sugar Company ("HCSC") and Rebecca L. Covert, Esq., appeared on behalf of Defendant ILWU Local No. 142 ("ILWU").  After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of Plaintiff and counsel, Plaintiff's Motion is HEREBY DENIED WITHOUT PREJUDICE for the reasons set forth below.

**BACKGROUND**

Plaintiff commenced the instant action on February 28, 2007, alleging that Defendants HCSC, ILWU, Jozette Montalvo ("J. Montalvo"), Glenn Montalvo ("G. Montalvo"), Samuel L. Rodriguez

("Rodriguez"), Joe Keane ("Keane"),[1] David Lopes ("Lopez"),

Steven Diaz ("Diaz"),[2] Willie Kennison ("Kennison"),

Roberto Andiron ("Andiron"), Teddy Espeleta ("Espeleta"), and

Abel Kahoohanohano ("Kahoohanohano") (collectively "Defendants")

harassed and discriminated against him based on his race and

failed to respond to his complaints.  Plaintiff did not file or

serve a jury demand with the Complaint.

On March 26, 2007, HCSC filed its Answer.  On the same

day, Defendants J. Montalvo, G. Montalvo, Rodriguez, Keane, Lopes

and Diaz filed their Motion to Dismiss, which the Court granted

on June 21, 2007.  In lieu of filing an Answer, ILWU filed a

Motion to Dismiss on April 16, 2007, which the Court denied

without prejudice on July 3, 2007.  On July 23, 2007, ILWU filed

its Answer.

In the instant Motion, Plaintiff requests a trial by

jury.  He claims that he was unaware of the time limit for

requesting a jury trial, and represented so at the June 4, 2007

scheduling conference.  [Ronald Henderson Decl. ("Henderson

Decl.") at ¶ 6.]

On July 6, 2007, HCSC filed its Opposition.  As an

initial matter, HCSC notes that Plaintiff has yet to file a jury

demand pursuant to Federal Rule of Civil Procedure 38(b).  If the

---

[1]  Keane's correct name is Augustine Joaquin.

[2]  Diaz's correct name is Stephen Diaz.

Court construes Plaintiff's Motion as a jury demand, then HCSC

requests that the Court correspondingly construe its Opposition

as a motion to strike Plaintiff's jury demand.  According to

HCSC, Rule 38(b) requires that jury demands be made not later

than 10 days following the service of the last pleading, i.e.

answers, reply to counterclaim, answer to cross-claim.  HCSC

represents that it filed its Answer on March 26, 2007, which was

the last pleading for the purposes of Rule 38(b).  As such,

Plaintiff's requests is untimely.

   Although recognizing the exception provided for in Rule

39(b) that permits a district court to grant relief from a

failure to timely file a jury demand, HCSC argues that oversight

or inadvertence does not fall under the exception.  HCSC notes

that Plaintiff's request is eleven weeks overdue and his only

excuse is that he was unaware of the time limit.  Because of

these reasons in addition to the fact that Plaintiff's pro se

status does not entitle him to circumvent the rules, HCSC

requests that the Court deny the Motion.

   None of the other Defendants filed an Opposition.

## **DISCUSSION**

Federal Rule of Civil Procedure 38(b) provides:

> Any party may demand a trial by jury of any issue
> triable of right by a jury by (1) serving upon the
> other parties a demand therefor in writing at any
> time after the commencement of the action and not
> later than 10 days after the service of the last
> pleading directed to such issue, and (2) filing

> the demand as required by Rule 5(d).  Such demand
> may be indorsed upon a pleading of the party.

Fed. R. of Civ. P. 38(b).  The Eleventh Circuit has held that, as defined by Rule 7, a "pleading" is a complaint; an answer; a reply to a counterclaim; an answer to a cross-claim; a third-party complaint; or a third-party answer.  Burns v. Lawther, 53 F.3d 1237, 1241 (11th Cir. 1995).  "Under the well-settled doctrine of *inclusio unius, exclusio alterius*, the listing of some things implies that all things not included in the list were purposefully excluded."  Id. (citing O'Melveny & Myers v. FDIC, 512 U.S. 79 (1994)).

Where a plaintiff has failed to demand a jury, the court may, in its discretion, order a trial by jury.  See Fed. R. Civ. P. 39(b).  Because this discretion is narrow, however, a court may not grant relief "when the failure to make a timely demand results from an oversight or inadvertence," which includes good faith mistake of law.  Pac. Fisheries Corp. v. HIH Casualty & Gen. Ins., Ltd., 239 F.3d 1000, 1002-03 (9th Cir. 2001) (citations omitted).  Courts must therefore deny untimely demands for jury trials "unless some cause beyond mere inadvertence is shown."  Id. (citation omitted).

Although pro se litigants are held to less stringent standards than those of their legal counterparts, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003), a litigant's pro se status

4

cannot excuse him from complying with the procedural or substantive rules of the court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); see also United States v. Bell, 27 F. Supp. 2d 1191, 1197 (E.D. Cal. 1998).  It follows that a pro se plaintiff's "good faith mistake as to the deadline for demanding a jury trial establishes no more than inadvertence, which is not a sufficient basis to grant relief from an untimely jury demand."  Zivkovic v. So. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Kulas v. Flores, 255 780, 784 (9th Cir. 2001) (holding that a pro se plaintiff waived any right to a jury trial by failing to timely file a demand as required by Rule 38(b))).

In this case, the only excuse offered by Plaintiff for failing to timely file a jury demand is that he was unaware of a time limit.  Despite the fact that this Court holds Plaintiff to a less stringent standard because of his pro se status, Plaintiff's lack of familiarization with the federal rules does not excuse his failure to comply with the deadlines set forth therein.  Here, the last pleading filed at the time Plaintiff filed his Motion was HCSC's Answer, on March 26, 2007.  It is thus clear that his request is untimely and made well beyond the ten days provided for in Rule 38(b).  Insofar as Plaintiff's unawareness of the deadline, even if in good faith, amounts to no

more than inadvertence, the Court does not have a sufficient

basis under Rule 39(b) to grant Plaintiff relief from his

untimely jury demand.  Accordingly, the Court DENIES Plaintiff's

Motion.  In light of the fact that ILWU filed an Answer on June

23, 2007, however, the Court DENIES the Motion WITHOUT PREJUDICE

to file a jury demand.

## CONCLUSION

For the foregoing reasons, the Court DENIES WITHOUT

PREJUDICE Plaintiff's Motion for Jury Trial, filed on June 14,

2007.  The Court directs Plaintiff to look at Federal Rule of

Civil Procedure 38(b), which permits him to file a jury demand

as a matter of right.  Based on ILWU's Answer filed on July 23,

2007, Plaintiff has ten days, or until August 2, 2007, to file a

jury demand.  Plaintiff is cautioned that if he fails to do so,

he will be deemed to have waived his right to a trial by jury.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, July 24, 2007.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**RONALD HENDERSON V. ALEXANDER & BALDWIN, ET AL.; CIVIL NO.
07-00101 DAE-LEK; ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S
MOTION FOR JURY TRIAL**