IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| RONALD HENDERSON, AKA RONNIE HENDERSON, | ) ) ) | CIVIL NO. 07-00101 DAE-LEK |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| ALEXANDER & BALDWIN, INC., DBA HAWAIIAN COMMERCIAL & SUGAR COMPANY, ET AL., | ) ) ) ) | |
| Defendants. | ) | |

**ORDER DENYING DEFENDANT ALEXANDER & BALDWIN, INC.,
DBA HAWAIIAN COMMERCIAL & SUGAR CO.'S
<u>MOTION TO STRIKE JURY DEMAND, FILED AUGUST 1, 2007</u>**

On August 16, 2007, Defendant Alexander & Baldwin, Incorporated, doing business as Hawaiian Commercial & Sugar Company's ("HCSC"), filed its Motion to Strike Jury Demand, Filed August 1, 2007 ("Motion"). Defendant International Longshore and Warehouse Union Local No. 142 ("ILWU") filed a statement of no position on August 28, 2007. This matter came on for hearing on September 19, 2007. Appearing on behalf of HCSC were Patrick Jones, Esq., and Darin Leong, Esq., and appearing on behalf of ILWU was Rebecca Covert, Esq. Also present was pro se plaintiff Ronald Henderson, also known as Ronnie Henderson ("Plaintiff"). After careful consideration of the Motion, the arguments of the parties, and the relevant legal authority, HCSC's Motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

Plaintiff, a former HCSC employee, alleges that his supervisor and a co-worker harassed him because of his race. He also alleges that he reported the harassment to an ILWU official, who did not act upon the report because the official is related to Plaintiff's supervisor. Plaintiff filed the complaint in the instant action on February 28, 2007. The complaint did not include a jury demand. HCSC filed its answer on March 26, 2007 and ILWU filed its answer on July 23, 2007.

On June 14, 2007, Plaintiff filed a Motion for Jury Trial, claiming that he was unaware of the time limit for requesting a jury trial. On July 24, 2007, this Court issued an order denying Plaintiff's Motion for Jury Trial without prejudice. This Court ruled that, even if construed as a jury demand, Plaintiff's Motion for Jury Trial was untimely because he did not file it within ten days of the service of the last pleading, as required by Federal Rule Civil Procedure 38(b). At the time he filed the Motion for Jury Trial, the last pleading was HCSC's March 26, 2007 answer. This Court also ruled that Plaintiff's ignorance of the deadline to file a jury demand was not a sufficient basis to grant him relief from the untimely jury demand pursuant to Federal Rule Civil Procedure 39(b). The Court, however, noted that ILWU filed its answer on July 23, 2007 and that Plaintiff had until August 2, 2007 to file a jury demand

based on ILWU's answer.

Plaintiff filed his jury demand on August 1, 2007.

In the instant Motion, HCSC argues that Plaintiff's jury demand is still untimely as to his claims against HCSC. HCSC argues that, in order for the demand to be effective, it must be timely as to each defendant because Plaintiff is asserting a discrimination claim against HCSC and another type of claim against ILWU.  In contrast, if Plaintiff asserted that the defendants were jointly and severally liable on the same claims, his demand would be effective as to both defendants if it was timely as to any one of them.  HCSC also reiterates that, for the reasons articulated in this Court's July 24, 2007 order, Plaintiff is not entitled to Rule 39(b) relief.

## DISCUSSION

Federal Rule of Civil Procedure 38(b) provides:

> Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d).  Such demand may be indorsed upon a pleading of the party.

Fed. R. of Civ. P. 38(b).  The failure to comply with the requirements of Rule 38(b) results in the waiver of the party's right to a jury trial.  See Rule 38(d).  Even where there was not a proper jury demand, a court has the discretion to order a jury trial on any or all issues.  See Fed. R. Civ. P. 39(b)

("notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues").

HCSC does not contest the fact that Plaintiff had a right to a jury trial of his claims against HCSC.  HCSC argues that Plaintiff waived this right by failing to timely file and serve a jury demand.  Plaintiff filed his August 1, 2007 jury demand within ten days of the service of ILWU's July 23, 2007 answer, but he did not file it within ten days of the service of HCSC's March 26, 2007 answer.  The Ninth Circuit has held that "when defendants are jointly liable on a cause of action that contains 'any issue triable of right by a jury,' a jury demand as to that issue is timely if served within 10 days after service of the last defendant's answer."  Bentler v. Bank of Am. Nat'l Trust & Sav. Ass'n, 959 F.2d 138, 141 (9th Cir. 1992) (quoting Fed. R. Civ. P. 38(b)).  Where the defendants do not share common issues, the ten-day period for the issues pertaining to a particular defendant begins to run when that defendant files its answer. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2320.

In the present case, because Plaintiff's complaint does not allege the same claims against HCSC and ILWU, Plaintiff arguably waived his right to a jury trial on his claims against

HCSC.  This Court, however, must consider this issue in light of the fact that Plaintiff is proceeding pro se.

Pro se litigants are held to less stringent standards than those of their legal counterparts.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003).  This is particularly so in civil rights cases, including employment discrimination cases under Title VII.  See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990) ("pro se pleadings are liberally construed, particularly where civil rights claims are involved"); Rice v. Hamilton Air Force Base Commissary, 720 F.2d 1082, 1084 (9th Cir. 1983) ("This liberal construction of the technical aspects of section 717 [of Title VII] is particularly appropriate where the complainant . . . is a layman proceeding pro se.").  In fact, the Ninth Circuit has recognized that courts have "a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements."  Balistreri, 901 F.2d at 699 (citations omitted).

While Plaintiff will not lose his right to a hearing on the merits if the Court strikes his jury demand as to HCSC, the right to a jury trial is an important one and the Court is loathe to deprive Plaintiff of a jury trial on his claims against HCSC based on a technical application of the procedural rules.

Although pro se litigants are required to follow the Federal Rules of Civil Procedure, see King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."), the rule of law at issue here is not easily gleaned from the text of Rule 38(b). Rule 38(b) states that a party must file and serve his jury demand "not later than 10 days after the service of the last pleading directed to such issue[.]"  Plaintiff did file his jury demand within ten days of the service of last pleading, ILWU's July 23, 2007 answer.  A party must be familiar with the applicable case law to know that the "directed to such issue" requirement means that, where a plaintiff does not allege that the defendants are jointly and severally liable, the jury demand must be timely as to each defendant, rather than as to the last defendant to file an answer.  Thus, even a pro se plaintiff who is trying in good faith to follow the procedural rules of court may not realize the significant of the "directed to such issue" language.  The Court finds that the rule is so technical that it would be unjust to enforce it against a pro se plaintiff under the circumstances of this case.  Cf. United States v. Ten Thousand Dollars in U.S. Currency, 860 F.2d 1511, 1513 (9th Cir. 1988) ("We have consistently held in this circuit that courts should liberally construe the pleadings and efforts of pro se litigants, particularly 'where highly technical requirements are

involved.'" (quoting Garaux v. Pulley, 739 F.2d 437, 439 (9th Cir. 1984) (conversion of Rule 12(b)(6) motion into summary judgment proceeding under Rule 56©))).

This Court therefore finds that Plaintiff's August 1, 2007 jury demand is timely as to his claims against ILWU and construes the jury demand as a motion for Rule 39(b) relief as to his claims against HCSC.  The Court finds that Rule 39(b) relief is appropriate and exercises its discretion to order a jury trial of all issues in this case.

### CONCLUSION

On the basis of the foregoing, HCSC's Motion to Strike Jury Demand, Filed August 1, 2007, filed August 16, 2007, is HEREBY DENIED.

IT IS SO ORDERED.

DATE AT HONOLULU, HAWAI`I, September 20, 2007.



  /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge


**RONALD HENDERSON, ET AL. V. ALEXANDER & BALDWIN, INC., ETC., ET AL; CIVIL NO. 07-00101 DAE-LEK; ORDER DENYING DEFENDANT ALEXANDER & BALDWIN, INC., DBA HAWAIIAN COMMERCIAL & SUGAR CO.'S MOTION TO STRIKE JURY DEMAND, FILED AUGUST 1, 2007**