IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RONALD HENDERSON, aka RONNIE HENDERSON,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDER & BALDWIN, INC. dba HAWAIIAN COMMERCIAL & SUGAR COMPANY, ILWU LOCAL NO. 142; WILLIE KENNISON, JOZETTE MONTALVO, GLENN MONTALVO, ROBERTO ANDIRON, TEDDY ESPELETA, SAMUEL L. RODRIGUEZ, ABEL KAHOOHANOHANO, JOE KEANE, DAVID LOPES, STEVEN DIAZ<br><br>Defendants. | ) | CV. NO. 07-00101 DAE LEK |

ORDER GRANTING WITHOUT PREJUDICE DEFENDANTS ILWU LOCAL NO. 142'S MOTION TO DISMISS; AND GRANTING WITHOUT PREJUDICE DEFENDANTS KENNISON, ANDIRON, ESPELETA, AND KAHOOHANOHANO'S MOTION TO DISMISS COMPLAINT

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant ILWU Local 142's ("Local 142") Motion to Dismiss Complaint Filed February 28, 2007, and Willie

Kennison (“Kennison”), Roberto Andiron (“Andiron”), Teddy Espeleta (“Espeleta”), and Abel Kahoohanohano’s (“Kahoohanohano”) (collectively, “Kennison Defendants”) Motion to Dismiss Complaint Filed February 28, 2007, and the supporting and opposing memoranda, the Court GRANTS WITHOUT PREJUDICE Local 142’s Motion to Dismiss and Kennison Defendants’ Motion to Dismiss, recognizing Local 142 and Kennison Defendants’ right to file responsive pleadings to Plaintiff’s amended complaint, in the event that Magistrate Judge Leslie E. Kobayashi (“Magistrate Judge”) grants Plaintiff leave to amend his Complaint.

## BACKGROUND

On February 28, 2007, Plaintiff, Ronald Henderson, aka Ronnie Henderson, filed an Employment Discrimination Complaint, alleging a hostile work environment based on racial harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 et seq.. Plaintiff is an African American male. On September 8, 2006, Plaintiff filed charges with the Equal Employment Opportunity Commission (“EEOC”) and the Hawaii Civil Rights Commission (“HCRC”) regarding the alleged discriminatory conduct. In the charge of discrimination, which named Defendant Alexander & Baldwin, Inc. dba Hawaiian Commercial & Sugar Company (“Alexander & Baldwin”), Plaintiff complained of

a hostile work environment and retaliation based on race under Hawaii Revised Statutes ("Haw. Rev. Stat.") chapter 378. The charge of discrimination is attached to Plaintiff's Complaint.[1]

According to the charge of discrimination, on or about March 13, 2006, Plaintiff alleged that Samuel Lopez Rodriguez ("Rodriguez"), a co-worker, subjected him to racial harassment when he made a racially derogatory comment. Plaintiff claimed that his superintendent, Glen Montalvo, was present, heard the comment, and responded with a further "racially insensitive comment about [his] color." Plaintiff claimed that he then complained to "management about the racial and color harassment but immediate appropriate corrective action was not taken." Thereafter, Plaintiff asserted that he continued to be subjected to retaliatory terms and conditions of employment, which included poor job assignments. At the time that Plaintiff filed his charge, Plaintiff was a Senior Welder, and he had been an employee of Alexander & Baldwin since July 14, 1997.

On October 25, 2006, Plaintiff filed a second charge of discrimination against Defendant Alexander & Baldwin, complaining of further retaliatory

---

[1] "A court may [] consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

conduct that occurred on October 9, 2006. On that date, Jozette Montalvo, from human resources, Glen Montalvo, a supervisor, and Robert Roberto,[2] a union agent, informed him that Rodriguez complained that Plaintiff was giving Rodriguez "threatening looks and walking in a threatening manner towards him," which Plaintiff denies, informing Plaintiff that he would be sent home if that were to happen again. Since then, Plaintiff claims that Rodriguez "has been deliberately coming into my area of work as if to instigate something." Plaintiff contends that those incidents occurred in retaliation for the charge of discrimination that Plaintiff filed against Defendant Alexander & Baldwin on September 8, 2006. On January 19, 2007, the HCRC issued a right to sue letter, informing Plaintiff that his case was closed "on the basis of complaint withdrawn due to complainant elect[ing] court action."

On July 26, 2007, Kennison Defendants filed the instant motion to dismiss, and, on July 30, 2007, Local 142 followed suit with a motion to dismiss. Plaintiff has not opposed either motion. On October 9, 2007, Plaintiff filed a Motion for Addition to Complaint for Relief Under the Americans with Disabilities Act, claiming that the court reporter erred in transcribing his deposition in that, for

---

[2] Robert Roberto may be Roberto Andiron, a named defendant, but that is unclear from the pleadings.

instance, she did not convey the additional harassment that occurred based on Plaintiff's alleged speech impediment. On October 30, 2007, Local 142 and Kennison Defendants responded to Plaintiff's motion to amend, asserting that Plaintiff did not allege any additional claims against them. Even if the additional claims are directed against them, Local 142 and Kennison Defendants assert that Plaintiff's motion to amend is untimely and, thus, it should not be considered against them. In the event that Plaintiff's motion to amend is granted, Local 142 and Kennison Defendants reserve the right to file responsive pleadings.

Plaintiff's motion to amend is pending before the Magistrate Judge, which is scheduled to be heard on November 19, 2007. (See Docket No. 76.)

STANDARD OF REVIEW

A motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Review is limited to the contents of the complaint. Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005). A complaint does not need to include detailed facts to survive a Rule 12(b)(6) motion to dismiss. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965. (2007). However,

in providing grounds for relief, a plaintiff must do more than recite the formulaic elements of a cause of action. Id. at 1966. The plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence. In other words, the plaintiff must allege enough facts to state a claim for relief that is plausible on its face. Id. at 1974. "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

When a plaintiff appears pro se, the court has an obligation to construe the plaintiff's complaint liberally. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (same). Pro se plaintiffs in a civil rights action must be afforded the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Id. (quoting Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superceded by statute, Lopez v. Smith, 203 F.3d 1122, 1126-30 (determining that a district court retains its discretion to dismiss a pro se prisoner's in forma pauperis complaint with or without leave to amend under the Prisoner's Litigation Reform Act)). "[B]efore dismissing a pro se civil rights complaint for

failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies." Id.

DISCUSSION

A. Kennison Defendants' Motion to Dismiss

Kennison Defendants seek dismissal of Plaintiff's Complaint against them because individuals cannot be held personally liable under Title VII and service of the summons and complaint did not comply with Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 4(e). The Ninth Circuit has conclusively determined that Title VII does not impose individual liability on employees, supervisory or otherwise, which this Court has recognized. See Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587-88 (9th Cir. 1993); Sherez v. State of Hawaii Dep't of Educ., 396 F. Supp. 2d 1138, 1148 (D. Haw. 2005); Black v. City & County of Honolulu, 112 F. Supp. 2d 1041, 1048 (D. Haw. 2000) ("Individual employees of employers, including supervisors and managers, are not personally liable as 'employers' under Title VII."). For that reason, on June 21, 2007, the Court dismissed individual employees of Defendant Alexander & Baldwin. For the same reason, the Court now GRANTS WITHOUT PREJUDICE Kennison Defendants' Motion to Dismiss, dismissing Plaintiff's complaint against Kennison Defendants while

recognizing their right to file responsive pleadings to Plaintiff's amended complaint, if leave to amend is granted.[3]

B. Local 142's Motion to Dismiss

Local 142 seeks dismissal of the Complaint against it because Plaintiff failed (1) to allege discrimination on the basis of race against Local 142 and (2) to exhaust administrative remedies by naming Local 142 in his charge of discrimination. "A union breaches its duty of fair representation when its 'conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.'" Beck v. United Food and Commercial Workers Union, Local 99, No. 05-16414, 2007 WL 3197089, at *3 (9th Cir. February 1, 2007) (quoting Vaca v. Sipes, 386 U.S. 171, 177 (1967)). "[I]f individual employees are not to be deprived of all effective means of protecting their own interests, 'it must be the duty of the representative organization "to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct."'" Id. (quoting DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164 n. 14 (1983)). Plaintiff brought a Title VII claim against Local 142, among the other defendants, alleging a

[3] Because Kennison Defendants cannot be held personally liable under Title VII, the Court need not address their argument concerning the sufficiency of the summons and the complaint.

hostile work environment based on his race or color. Specifically, Plaintiff alleged that Local 142 failed to resolve Plaintiff's Complaint when he complained of the harassing conduct to one of Local 142's officials. Although Plaintiff did not specifically allege breach of a duty of fair representation, the Court construes Plaintiff's allegation against Local 142 as one alleging such a breach based on hostile or discriminatory motives, as Plaintiff has not alleged any facts that would suggest that Local 142 was involved in the creation of the hostile work environment.

Defendant asserts that Plaintiff's claim, however construed, must fail because Plaintiff did not allege that the official failed to act based on Plaintiff's race. The Court agrees. For example, Plaintiff does not claim, as in Beck, that the union official's "decision[s] not to pursue [Plaintiff's] grievances were fueled by discriminatory animus." Beck, 2007 WL 3197089, at *3. Nor does he provide instances of situations in his Complaint (or in an opposition) where Local 142 processed similar claims against individuals of other races but not African American individuals. In short, Plaintiff presents no factual allegations that would suggest that circumstantial or direct evidence would be revealed during discovery to prove that Local 142 had a discriminatory motive in its actions (or lack thereof).

See id. at *8. By contrast, Plaintiff has alleged facts that his co-workers, supervisor(s), and/or his employer may have acted with a discriminatory motive, but he simply has not alleged the same against Local 142.

Even when looking to the underlying charge of discrimination, a claim of breach of the duty of fair representation may not be maintained based on discriminatory motives. In the September 8, 2006 charge of discrimination, Plaintiff stated that he “complained to management about the racial and color harassment but immediate appropriate corrective action was not taken.” Construing that allegation liberally, Plaintiff’s reference to “management” could have been directed at Local 142.[4] See Stache v. Int’l Union of Bricklayers and Allied Craftsmen, AFL-CIO, 852 F.2d 1231, 1233 (9th Cir. 1988) (“The remedial purpose of Title VII and the paucity of legal training among those whom it is designed to protect require charges filed before the EEOC to be construed liberally.”); see also Nowick v. Gammell, 351 F. Supp. 2d 1025, 1036-37, 1458-59 (D. Haw. 2004) (delineating five exceptions to the general rule that individuals must be named in an underlying charge of discrimination to permit Title VII

[4] Local 142 would dispute that Plaintiff named it in his charge of discrimination.

claimants to proceed against them in federal court, including the exception that claimants may proceed against unnamed individuals "as long as they were involved in the acts giving rise to the EEOC claims"). Nonetheless, Plaintiff does not allege that "immediate appropriate corrective action" was not taken based on his race; he merely alleges that it was not taken, period. Even construing the allegations in the light most favorable to Plaintiff, Plaintiff has failed to set forth facts that, if proven, would demonstrate that Local 142 failed to act on his Complaint based on his race.

Nonetheless, the Ninth Circuit recognizes a breach of a duty of fair representation based on arbitrary actions that substantially injure an employee, which is subject to a de novo review. See Beck, 2007 WL 3197089, at *4-5. Still, Plaintiff makes no claim that Local 142 terminated his membership, in an arbitrary or discriminatory manner, or failed to take corrective action arbitrarily. In fact, Plaintiff has not provided any reason for Local 142's inaction. Although the Court has an obligation to construe Plaintiff's Complaint liberally, as a pro se Plaintiff, Plaintiff also has an obligation to allege enough facts to state a claim for relief that is plausible on its face. Plaintiff could have, and should have, elaborated on his claims against Local 142 in an opposition. Plaintiff undoubtably has remained

active in this case, as he filed his motion to amend his Complaint as late as October 9, 2007. Local 142 filed the instant motion on July 30, 2007, with a Certificate of Service, indicating that the motion was served on Plaintiff that same day. As such, Plaintiff cannot claim that he was unaware of the motion or that he lacked the ability to respond to it.

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim against Local 142 upon which relief could be granted. The Court, therefore, GRANTS WITHOUT PREJUDICE Local 142's Motion to Dismiss, recognizing Local 142's right to file responsive pleadings to Plaintiff's amended complaint, if leave to amend is granted.[5]

## CONCLUSION

For the reasons stated above, the Court GRANTS WITHOUT PREJUDICE Local 142's Motion to Dismiss and Kennison Defendants' Motion to Dismiss, recognizing Local 142 and Kennison Defendants' right to file responsive

[5] Because the Court finds that Plaintiff has failed to state a claim against Local 142 based on race, the Court need not address Local 142's exhaustion of administrative remedies argument.

pleadings to Plaintiff's amended complaint, in the event that the Magistrate Judge grants Plaintiff's leave to amend his complaint.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 7, 2007.




David Alan Ezra
United States District Judge

Ronald Henderson vs. Alexander & Baldwin, Inc., et al., Civil No. 07-00101 DAE-LEK; ORDER GRANTING WITHOUT PREJUDICE DEFENDANTS ILWU LOCAL NO. 142'S MOTION TO DISMISS; AND GRANTING WITHOUT PREJUDICE DEFENDANTS KENNISON, ANDIRON, ESPELETA, AND KAHOOHANOHANO'S MOTION TO DISMISS COMPLAINT