IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| RONALD HENDERSON, AKA RONNIE HENDERSON, | ) ) ) | CIVIL NO. 07-00101 DAE-LEK |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| ALEXANDER & BALDWIN, INC., DBA HAWAIIAN COMMERCIAL & SUGAR COMPANY, ET AL., | ) ) ) ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR ADDITION TO COMPLAINT FOR RELIEF UNDER THE AMERICANS WITH DISABILITIES ACT**

On October 9, 2007, pro se Plaintiff Ronald Henderson, also known as Ronnie Henderson, ("Plaintiff") filed the instant Motion for Addition to Complaint for Relief under the Americans with Disabilities Act ("Motion"). Defendant Alexander & Baldwin, Inc., doing business as Hawaiian Commercial & Sugar Company, ("HCSC") filed its memorandum in opposition on November 1, 2007 and Defendants International Longshore and Warehouse Union Local No. 142 ("ILWU"), Willie Kennison, Teddy Espeleta, and Abel Kahoohanohano (collectively "Union Defendants") filed a response to the Motion on October 30, 2007. This matter came on for hearing on November 19, 2007. Plaintiff appeared by telephone. Patrick Jones, Esq., and Darin Robinson Leong, Esq., appeared on behalf of HCSC, and Rebecca Covert, Esq., appeared on behalf of Union Defendants. After careful consideration of the

Motion, supporting and opposing memoranda, and the arguments of counsel, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

Plaintiff is a former employee of HCSC and he alleges that his supervisor and a co-worker harassed him because of his race.  He also alleges that he complained to an ILWU official, who did not act upon Plaintiff's complaint because the official is related to Plaintiff's supervisor.  Plaintiff filed his original complaint in this action on February 28, 2007.  HCSC filed its answer on March 26, 2007.  ILWU filed its answer on July 23, 2007.[1]

Plaintiff now seeks to amend his complaint to add a claim that he was discriminated against because of his speech impediment, in violation of the Americans with Disabilities Act ("ADA").  Plaintiff states that when he reviewed the transcript

---

[1] ILWU filed a motion to dismiss on April 16, 2007, which the district judge denied without prejudice on July 3, 2007. ILWU filed another motion to dismiss on July 30, 2007.  The district judge granted the motion on November 7, 2007 and dismissed Plaintiff's claims against ILWU without prejudice.
  Plaintiff also named several individual defendants.  On June 21, 2007, the district judge dismissed the claims against Defendants Jozette Montalvo, Glenn Montalvo, Samuel L. Rodriguez, Augustine Joaquin (misidentified as "Joe Keane"), David Lopes, and Steven Diaz on the ground that individual employees cannot be held liable for monetary damages under Title VII.  On November 7, 2007, the district judge dismissed Defendants Willie Kennison, Roberto Andiron, Teddy Espeleta, and Abel Kahoohanohano on the same grounds.

of his August 30, 2007 deposition in this case, he discovered numerous errors that the court reporter made because she could not understand him.  He further states that this brought to mind several occasions where people at work made fun of his speech impediment.  Plaintiff apparently argues that misunderstandings caused by his speech impediment may have caused HCSC to terminate him.  Plaintiff states that he underwent speech therapy from 1968 to 1970.

In its memorandum in opposition, HCSC notes that Plaintiff filed three charges of discrimination with the Hawai`i Civil Rights Commission and the Equal Employment Opportunity Commission ("EEOC") and none of them mentioned Plaintiff's speech impediment or alleged that he suffered discrimination based on disability.  HCSC argues that before the Court can consider whether to allow Plaintiff to amend his complaint, Plaintiff must first establish good cause to amend this Court's scheduling order because he filed the instant Motion after the deadline to add parties and amend pleadings.  HCSC argues that Plaintiff cannot establish good cause because he was aware of his speech impediment since 1968.  Further, he was aware that people at work made fun of his speech impediment and he was aware of his termination prior to the deadline to amend the complaint.  HCSC argues that Plaintiff's failure to bring a timely motion to amend or seek an extension of the deadline to amend pleadings

demonstrates that he was not diligent.

Even assuming, *arguendo*, that Plaintiff can establish good cause, HCSC argues that amendment is not warranted under Federal Rule of Civil Procedure 15(a) because: the amendment would prejudice HCSC; the proposed claim is futile; and amendment would cause undue delay.  HCSC argues that it would be prejudiced because it has already filed a motion for summary judgment and allowing new claims would substantially delay the resolution of the case.[2]  HCSC also argues that it has already spent substantial time and resources conducting discovery which would have to be repeated to investigate Plaintiff's new claim.

HCSC contends that the proposed ADA claim is futile because Plaintiff did not raise the claim in his administrative charges.  Courts can only consider new allegations if they are similar to the allegations in the administrative complaint, such that they would have been included within the scope of the agency's investigation into the charges in the administrative complaint.  Plaintiff did not state in his administrative charges that he had been discriminated against based on a disability and his charges did not mention his speech impediment or an ADA claim.  HCSC argues that the new ADA claim would be subject to dismissal for failure to exhaust administrative remedies.

---

[2] The motion for summary judgment is set for hearing before the district judge on December 10, 2007.

HCSC argues that Plaintiff unduly delayed in bringing the instant Motion and that the proposed amendment would unduly delay the case.  Finally, HCSC argues that, although Plaintiff is pro se, he is still required to comply with the procedural rules.  The filing deadlines are clearly set out in this Court's scheduling order and they are not technical requirements.  Plaintiff's pro se status should not excuse his failure to bring the instant Motion prior to the deadline to amend pleadings.

In their response to the Motion, Union Defendants note that they are not required to respond because Plaintiff does not propose any new claims against them.  To the extent that they are required to respond, they argue that the Motion is untimely.

## DISCUSSION

### I. Rule 16(b)

Pursuant to this Court's June 6, 2007 Rule 16 Scheduling Order, the deadline to add parties and amend pleadings was August 31, 2007.  Insofar as Plaintiff filed the instant Motion after the deadline, he must obtain an amendment of the scheduling order.  A scheduling order "shall not be modified except upon a showing of good cause and by leave of . . . a magistrate judge."  Fed. R. Civ. P. 16(b).  The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the court should deny the motion.  See Zivkovic v.

S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the non-moving party may serve as an additional reason to deny the motion, but the lack of prejudice to the non-moving party does not justify granting the motion if the moving party was not diligent. See Johnson, 975 F.2d at 609.

The Motion clearly shows that Plaintiff was aware of his speech impediment long before he filed his complaint. Further, Plaintiff knew or should have known, prior to the expiration of the deadline to amend pleadings, about his potential claim that he suffered discrimination based upon his disability. Although Plaintiff states that reviewing the transcript of his deposition brought to mind instances in which people at work made fun of his speech impediment, Plaintiff offers no explanation why he was unable to recall these incidents earlier. This Court therefore finds that Plaintiff could have moved to amend his complaint prior to the August 31, 2007 deadline to add parties and amend pleadings. Plaintiff has not established good cause to amend this Court's scheduling order.

**II. Rule 15(a)**

Even assuming, *arguendo*, that Plaintiff could establish

good cause to amend the scheduling order, Plaintiff must also establish that amendment is appropriate under Rule 15(a).  See Johnson, 975 F.2d at 608 (citing Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987); Fin. Holding Corp. v. Garnac Grain Co., 127 F.R.D. 165, 166 (W.D. Mo. 1989)).  Under Rule 15(a), once an answer or responsive pleading has been filed, a plaintiff must obtain leave of court or the written consent of the defendant to amend the complaint.  Leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The determination whether a party should be allowed to amend a pleading is left to the discretion of the court.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971).  If the facts or circumstances a plaintiff relies upon may be the basis of relief, he should be afforded an opportunity to test his claim on the merits.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  Furthermore, in exercising its discretion to grant leave to amend, a court "'should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings.'"  In re Morris, 363 F.3d 891, 894 (9th Cir. 2004) (quoting James v. Pliler, 269 F.3d 1124, 1126 (9th Cir. 2001)) (alteration in original).

        One of the factors that a court may consider is the futility of the amendment.  See Foman, 371 U.S. at 182; Morris, 363 F.3d at 894 (citation omitted).  "Futility of amendment can,

by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted).  In the present case, HCSC argues that Plaintiff's proposed ADA claim is futile because Plaintiff did not exhaust his administrative remedies with regard to that claim.

Generally, a district court has subject matter jurisdiction over a plaintiff's ADA claim if he exhausted his administrative remedies by filing a timely EEOC charge.  See Vasquez v. County of Los Angeles, 349 F.3d 634, 644 (9th Cir. 2003) (regarding jurisdiction over Title VII retaliation claim); 42 U.S.C. § 12117(a) (adopting Title VII remedies and procedures for enforcement of the ADA).  Although Plaintiff did not file an EEOC complaint based on the alleged ADA violation, this does not automatically bar district court jurisdiction.  "[T]he district court has jurisdiction over any charges of discrimination that are 'like or reasonably related to' the allegations made before the EEOC, as well as charges that are within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations."  See Leong v. Potter, 347 F.3d 1117, 1122 (9th Cir. 2003) (citation omitted).  Plaintiff's proposed claim that

he was discriminated against based on his speech impediment is not "like or reasonably related to" the claims in his EEOC charges that he was discriminated against based on his race. Further, it is not within the scope of an EEOC investigation that reasonably could be expected to grow out of his race discrimination allegations.  See id. (holding that district court did not err in ruling that the plaintiff failed to exhaust his administrative remedies where the EEOC complaint, which alleged that he suffered discrimination based on race, color, religion, sex, national origin, and/or age, made no mention of disability). This Court therefore finds that Plaintiff's proposed ADA claim is futile because he failed to exhaust his administrative remedies.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for Addition to Complaint for Relief under the Americans with Disabilities Act, filed October 9, 2007, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, November 20, 2007.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**RONNIE HENDERSON V. ALEXANDER & BALDWIN, INC., ET AL.; CIVIL NO. 07-00101; ORDER DENYING PLAINTIFF'S MOTION FOR ADDITION TO COMPLAINT FOR RELIEF UNDER THE AMERICANS WITH DISABILITIES ACT**