IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

RONALD HENDERSON, AKA RONNIE )      CIVIL NO. 07-00101 DAE-LEK
HENDERSON,                    )
                              )
          Plaintiff,          )
                              )
     vs.                      )
                              )
ALEXANDER & BALDWIN, INC.,    )
DBA HAWAIIAN COMMERCIAL &      )
SUGAR COMPANY, ET AL.,        )
                              )
          Defendants.         )
_____)


**REPORT OF SPECIAL MASTER ON HC&S'S MOTION FOR ATTORNEYS'
FEES AND RELATED NON-TAXABLE EXPENSES AND PLAINTIFF'S
OBJECTIONS TO HC&S' BILL OF COSTS AND ILWU'S BILL OF COSTS**

Before the Court, pursuant to a designation by United

States District Judge David Alan Ezra, are: Defendant Alexander &

Baldwin, Incorporated's, doing business as Hawaiian Commercial &

Sugar Company, ("HC&S") Motion for Attorneys' Fees and Related

Non-Taxable Expenses ("Motion"), filed on January 11, 2008; and

Pro se plaintiff Ronald Henderson's[1] ("Plaintiff") objections to

HC&S's Bill of Costs, filed January 30, 2008, and Defendant

International Longshore and Warehouse Union Local No. 142's

("ILWU") Bill of Costs, filed January 30, 2008.[2]  HC&S requests

_____

[1] Ronald Henderson is also known as Ronnie Henderson.

[2] This Court construed Plaintiff's "Response to Defendant's
Motion for Attorney's Fees and Related Non-Taxable Expenses",
filed February 7, 2008, as his objections to the HC&S Bill of
Costs and the ILWU Bill of Costs.  In the context of the bills of
(continued...)

an award of $75,840.14 in attorneys' fees,[3] and $1,437.20 in
taxable costs.  ILWU seeks $766.99 in taxable costs.  Plaintiff
filed his Response to the Motion on February 7, 2008, and HC&S
filed its reply to the Motion on February 22, 2008.  The Court
finds these matters suitable for disposition without a hearing
pursuant to Rule LR7.2(d) of the Local Rules of Practice of the
United States District Court for the District of Hawaii ("Local
Rules").  After reviewing the parties' submissions and the
relevant case law, the Court FINDS and RECOMMENDS that the HC&S's
Motion be DENIED and that Plaintiff's Objections to the HC&S Bill
of Costs and the ILWU Bill of Costs be DENIED.  The Court,
however, RECOMMENDS that HC&S's request for costs and ILWU's
request for costs be GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

        On February 28, 2007, Plaintiff commenced the instant
action against HC&S, ILWU, and Defendants Willie Kennison,
Jozette Montalvo, Glenn Montalvo, Roberto Andiron, Teddy
Espeleta, Samuel L. Rodriguez, Abel Kahoohanohano, Joe Keane,
David Lopes, and Steven Diaz.  Plaintiff is an African-American
male who is a former employee of HC&S.  He alleges that he was

---

        [2](...continued)
costs, the Court will refer to Plaintiff's document as his
"Objections".

        [3] In spite of its title, the Motion does not request
reimbursement for non-taxable expenses.

subjected to disparate treatment and a hostile work environment because of his race.  Plaintiff also claimed that he was subjected to retaliation after he complained about being harassed.  He alleged race discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"). In addition, Plaintiff alleges that he complained to an ILWU official, who did not take action because the official is related to Plaintiff's supervisor.

On March 26, 2007, Defendants Jozette Montalvo, Glenn Montalvo, Samuel Rodriguez, Augustine Joaquin, who was misidentified as "Joe Keane", David Lopes, and Steven Diaz filed a motion to dismiss the claims against them on the ground that Title VII does not provide for individual liability ("Montalvo Motion to Dismiss").  Plaintiff did not file an opposition.  The district judge granted the Montalvo Motion to Dismiss on June 21, 2007.

On April 16, 2007, ILWU filed a motion to dismiss based on improper service ("ILWU First Motion to Dismiss").  Plaintiff did not file an opposition.  On July 3, 2007, the district judge denied the ILWU First Motion to Dismiss without prejudice.

On July 26, 2007, Defendants Willie Kennison, Roberto Andiron, Teddy Espeleta, and Abel Kahoohanohano filed a motion to dismiss on the ground that Title VII does not provide for individual liability ("Kennison Motion to Dismiss").  On

3

July 30, 2007, ILWU filed a motion to dismiss, alleging that the
Complaint failed to state a racial discrimination claim against
ILWU and that Plaintiff failed to exhaust his administrative
remedies ("ILWU Second Motion to Dismiss").  Plaintiff did not
file an opposition to either motion.  The district judge issued
an order granted the Kennison Motion to Dismiss and the ILWU
Second Motion to Dismiss on November 7, 2007.

On October 9, 2007, Plaintiff filed a motion for leave
to amend his Complaint ("Motion to Amend"), seeking to add a
claim that he was discriminated against because of his speech
impediment, in violation of the Americans with Disabilities Act
("ADA").  In a November 20, 2007 order, this Court denied the
Motion to Amend because Plaintiff did not establish good cause
for his failure to seek leave to amend prior to the deadline to
add parties and amend pleadings.  Further, this Court ruled that
Plaintiff's ADA claim was futile because he failed to exhaust his
administrative remedies.

On October 31, 2007, HC&S filed a motion for summary
judgment on all claims against it ("HC&S Motion for Summary
Judgment").  Plaintiff did not file an opposition.  The district
judge issued its order granting the HC&S Motion for Summary
Judgment ("Summary Judgment Order") on December 20, 2007.  The
district judge ruled that: HC&S was entitled to summary judgment
on Plaintiff's disparate treatment claim because Plaintiff did

4

not establish that similarly situated employees were treated
differently; HC&S was entitled to summary judgment on Plaintiff's
hostile work environment claim because Plaintiff only identified
one offensive remark, which was legally insufficient to establish
a claim; and HC&S was entitled to summary judgment on Plaintiff's
retaliation claim because HC&S had a legitimate reason for
terminating him and Plaintiff could not prove pretext.

   The Clerk of the Court entered final judgment on
December 28, 2007.

## I. <u>HC&S's Motion</u>

   In the instant Motion, HC&S argues that it is entitled
to attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k) because
Plaintiff's claims were frivolous, unreasonable, or without
foundation.  HC&S asserts that Plaintiff knew or should have
known that his hostile work environment claim was meritless
because courts uniformly hold that isolated utterances are not
actionable.  HC&S also argues that Plaintiff's failure to respond
to any of the defendants' dispositive motions indicates that
Plaintiff's Title VII claims were deficient.  Finally, HC&S
argues that Plaintiff's Motion to Amend, which Plaintiff brought
at a very late state of the action, was frivolous.

   HC&S incurred $75,840.14 in attorneys' fees in this
case and argues that all of the work counsel performed was
reasonably necessary to defend against Plaintiff's claims.  It

further argues that counsel's hourly rates are within the range of rates charged in the legal community.

In his response to the Motion, Plaintiff argues that an award of attorneys' fees and costs would be premature because: he has filed an appeal; there was an arbitration in this matter scheduled for March 2008; and the matter is currently before the Equal Employment Opportunity Commission ("EEOC").  Plaintiff also states that an award of attorneys' fees would harm his financial situation.[4]

In its reply, HC&S states that on February 15, 2008, Plaintiff filed another Charge of Discrimination ("2008 Charge") with the EEOC.  The 2008 Charge alleges the same facts which are the subject of the instant action, with the addition of the ADA claim that Plaintiff attempted to add in this case.  Thus, HC&S argues that this illustrates that Plaintiff's claims in the instant case were frivolous and that an award of attorneys' fees is necessary to deter Plaintiff from future frivolous filings.

HC&S also points out that Plaintiff did not present any evidence to refute the arguments in the Motion.  HC&S argues that

_____

[4] Plaintiff also states that he did not know he had to file any documentation in opposition to the HC&S Motion for Summary Judgment.  The Court, however, explicitly told Plaintiff at the November 1, 2007 settlement conference that he could file an opposition to the HC&S Motion for Summary Judgment.  Even assuming, *arguendo*, that Plaintiff did not know he had to file an opposition to the HC&S Motion for Summary Judgment, the instant Motion is not the proper context for Plaintiff to seek relief from the Summary Judgment Order.

an award of attorneys' fees is not premature because the district clearly has jurisdiction to award attorneys' fees even though Plaintiff's appeal is pending.  Further, neither the frivolous 2008 Charge nor the unrelated pending arbitration precludes an attorneys' fees award.  HC&S also contends that Plaintiff's financial situation is not relevant to the decision whether HC&S is entitled to fees, although it is a relevant factor in the determination of the amount a fee award.

## II.  HC&S's Bill of Costs

HC&S seeks $1,006.90 in court reporter fees, $423.40 for in-house copying costs, and $6.90 in outside copying costs, for a total of $1,437.20.  [Exh. A to HC&S Bill of Costs.]  HC&S argues that, as the prevailing party, it is entitled to these costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. §§ 1821 and 1920, as clarified by Local Rule 54.2(f).  HC&S states that its Bill of Costs is a "true and accurate statement of the taxable costs incurred by HC&S in defending against Plaintiff's Complaint."  [HC&S Bill of Costs, Aff. of Patrick H. Jones at ¶ 4.]

The arguments that Plaintiff raised in opposition to the Motion constitute his Objections to the HC&S Bill of Costs.

## III.  ILWU's Bill of Costs

ILWU seeks $718.84 in court reporter fees and $48.15 for in-house copying costs, for a total of $766.99.  [ILWU Bill

of Costs at 2.]   ILWU argues that, as the prevailing party, it is entitled to these costs pursuant to Federal Rule of Civil Procedure 54(d)(1), 28 U.S.C. §§ 1821 and 1920-25, and Local Rule 54.2(f).   ILWU states that the copies made were "necessarily obtained for use in this case . . . . [and] included potentially discoverable documents and copies for filings with the court and for service.   The copied documents were used or intended to be used by defendant's counsel to prepare for disclosure and discovery and prepare and respond to court filings."   [ILWU Bill of Costs, Aff. of Rebecca L. Covert ("Covert Aff.") at ¶ 3.] ILWU further states that the deposition transcript it obtained was "necessarily obtained for use in this case."   [Id. at ¶ 5.]

The arguments that Plaintiff raised in opposition to the Motion constitute his Objections to the ILWU Bill of Costs.

## DISCUSSION

### I.   Plaintiff's Appeal and Other Proceedings

Plaintiff first argues that an award of attorneys' fees and costs is premature because of his pending appeal, the March 2008 arbitration, and the 2008 Charge.   Plaintiff's arguments are misplaced.

It is well settled that, even after a party files a notice of appeal, the district court retains jurisdiction to determine a motion for attorneys' fees.   See In re Elias, 188 F.3d 1160, 1164 (9th Cir. 1999).   Plaintiff has not established

8

any reason to reserve ruling on the Motion, or the bills of
costs, pending the resolution of the arbitration.  In fact, HC&S
states that the arbitration is unrelated to the instant action.
[Reply at 7.]  Finally, even though Plaintiff may have brought
the 2008 Charge based on the same incidents addressed in this
case, any litigation arising from the 2008 Charge will occur in a
separate action.  The Court finds that an award of attorneys'
fees and the taxation of costs would not be premature.

## II.  Entitlement to Attorneys' Fees

HC&S argues that it is entitled to attorneys' fees
pursuant to 42 U.S.C. § 2000e-5(k), which states: "In any action
or proceeding under this subchapter the court, in its discretion,
may allow the prevailing party, other than the Commission or the
United States, a reasonable attorney's fee (including expert
fees) as part of the costs . . . ."  The United States Supreme
Court had established the following guidelines for the award of
attorneys' fees to a prevailing defendant under § 2000e-5(k):

> a district court may in its discretion award
> attorney's fees to a prevailing defendant in a
> Title VII case upon a finding that the plaintiff's
> action was frivolous, unreasonable, or without
> foundation, even though not brought in subjective
> bad faith.
>
> In applying these criteria, it is important
> that a district court resist the understandable
> temptation to engage in *post hoc* reasoning by
> concluding that, because a plaintiff did not
> ultimately prevail, his action must have been
> unreasonable or without foundation.  This kind of
> hindsight logic could discourage all but the most

> airtight claims, for seldom can a prospective
> plaintiff be sure of ultimate success.

Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 421-22

(1978).  In light of the Congressional intent to "promote the

vigorous enforcement of the provisions of Title VII, a district

court must exercise caution in awarding fees to a prevailing

defendant . . . ." Warren v. City of Carlsbad, 58 F.3d 439, 444

(9th Cir. 1995) (citations and quotation marks omitted) (citation

and quotation marks omitted).  Courts therefore should only award

fees to a prevailing defendant in a Title VII action under

"exceptional circumstances."  See Saman v. Robbins, 173 F.3d

1150, 1157 (9th Cir. 1999).

Further, the district court must consider a plaintiff's

pro se status in determining whether to award fees to a

prevailing defendant and must apply the Christiansburg standard

"with particular strictness".  Miller v. Los Angeles County Bd.

of Educ., 827 F.2d 617, 620 (9th Cir. 1987) (citing Hughes v.

Rowe, 449 U.S. 5, 15-16, 101 S. Ct. 173, 178-79 (1980) (per

curiam)).  The Ninth Circuit has stated:

> pro se plaintiffs cannot simply be assumed to have
> the same ability as a plaintiff represented by
> counsel to recognize the objective merit (or lack
> of merit) of a claim.  Hughes, 449 U.S. at 15, 101
> S.Ct. at 178.  Thus, Christiansburg should be
> applied in pro se cases with attention to the
> plaintiff's ability to recognize the merits of his
> or her claims.

Id. (some citations omitted).

10

HC&S argues that it is entitled to attorneys' fees because: 1) Plaintiff filed meritless claims against HC&S based on a single isolated remark made by one of Plaintiff's coworkers; 2) he did not oppose any of the dispositive motions in this case; and 3) Plaintiff's Motion to Amend was untimely and the proposed ADA claim was futile. First, the fact that Plaintiff failed to file oppositions to the dispositive motions does not prove that he knew his claims were without merit. Plaintiff clearly did not abandon his case because, as HC&S concedes, Plaintiff filed his own motions and appeared at court proceedings. Further, even assuming *arguendo* that some of Plaintiff's claims were frivolous, the Court must look at the action in its entirety when deciding whether to award attorneys' fees. <u>Cf.</u> <u>Shah v. Mount Zion Hosp. & Med. Ctr.</u>, 642 F.2d 268, 270 n.2 (9th Cir. 1981) (noting that Shah's appeal "border[ed] on the frivolous," but denying attorneys' fees "since Shah's appeal is not entirely frivolous, unreasonable, or without foundation" (citation and quotation marks omitted)).

In the Summary Judgment Order, the district judge noted that a plaintiff can maintain a Title VII hostile work environment claim based on race. [Summary Judgment Order at 17.] Plaintiff, however, only cited only incident in which a co-worker used the word "n__ger", although not in reference to Plaintiff. [<u>Id.</u> at 18-19.] The district judge ruled that Plaintiff had "not

proffered evidence of frequent or severe discriminatory conduct sufficient to establish that his working environment, either subjectively and objectively, was abusive." [Id. at 20.]  Thus, Plaintiff alleged a legally cognizable claim, but he failed to present sufficient factual evidence to support it.  In light of Plaintiff's pro se status, this Court cannot find that Plaintiff knew or should have known that his hostile work environment claim was meritless.  The instant case does not present the type of exceptional circumstances which warrant an award of attorneys' fees to a prevailing defendant under § 2000e-5(k).

Finally, HC&S argues that an award of attorneys' fees is a necessary deterrent because Plaintiff filed the 2008 Charge based on claims that the district judge rejected in this action. The Ninth Circuit has stated that "repeated attempts by a pro se plaintiff to bring a claim previously found to be frivolous militates in favor of awarding attorney's fees to a prevailing defendant.  In such a situation, it is entirely appropriate to hold the plaintiff responsible for knowing that the claim is groundless." Miller, 827 F.2d at 620 (citations omitted).  Even assuming, arguendo, that the 2008 Charge is frivolous, it does not prove that Plaintiff's claims in the instant action were frivolous, unreasonable, or without foundation.  If, however, Plaintiff files a civil action arising from the 2008 Charge, an award of attorneys' fees to the prevailing defendant may be

12

appropriate under <u>Miller</u>.

The Court finds that the instant action, in its entirety, was not frivolous, unreasonable, or without foundation. The Court therefore FINDS that an award of HC&S's attorneys' fees is not warranted under § 2000e-5(k) and RECOMMENDS that the district judge DENY HC&S's Motion.

## III. **Entitlement to Taxable Costs**

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The ILWU is a prevailing party because the district judge granted the ILWU Second Motion to Dismiss, and HC&S is a prevailing party because the district judge granted the HC&S Motion for Summary Judgment.

A district court may exercise discretion in allowing or disallowing reimbursement of the costs of litigation, but it may not tax costs beyond those enumerated in 28 U.S.C. § 1920. <u>See Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441-42 (1987), <u>superseded on other grounds</u>, 42 U.S.C. § 1988(c). "Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920." <u>Frederick v. City of Portland</u>, 162 F.R.D. 139, 142 (D. Or. 1995) (citing <u>Alflex Corp. v. Underwriters Lab., Inc.</u>, 914 F.2d 175, 177 (9th

Cir. 1990) (per curiam)).  Section 1920 enumerates the following

costs:

> 1.  Fees of the clerk and marshal;
> 2.  Fees of the court reporter for all or any
>     part of the stenographic transcript
>     necessarily obtained for use in the case;
> 3.  Fees and disbursements for printing and
>     witnesses;
> 4.  Fees for exemplification and copies of papers
>     necessarily obtained for use in the
>     case;
> 5.  Docket fees under section 1923 of this title;
> 6.  Compensation of court appointed experts,
>     compensation of interpreters, and salaries,
>     fees, expenses, and costs of special
>     interpretation services under section 1828 of
>     this title.

28 U.S.C. § 1920.

Although Plaintiff did not object to the specific items

in either Bill of Costs, insofar as the district court cannot tax

costs beyond those enumerated in § 1920, see Crawford Fitting,

482 U.S. at 441-42, this Court must review both the HC&S Bill of

Costs and the ILWU Bill of Costs to determine if the items

requested are taxable.

HC&S seeks the following taxable costs:

. . . .
**Court Reporter Fees:**

| | |
|---|---:|
| 8/30/2007 Oral Deposition of Ronald<br>         Henderson | $1,006.90 |
| **Total:** | **$1,006.90** |

**In-House Printing Costs**

| | |
|---|---:|
| 4,110 copies at $0.10 page | $411.00 |
| 62 copies at $0.20 page | $12.40 |
| **Total:** | **$423.40** |

**Outside Printing Costs:**

| | |
|---|---:|
| Copy of Hawaii Civil Rights<br>5/21/2007 Commission's file | $6.90 |

**Total:** **$6.90**

. . . .

**GRAND TOTAL = $1,437.20**

[Exh. A to HC&S Bill of Costs (citations omitted).]

ILWU seeks the following taxable costs:

Costs for in house copying at $0.15/page.. $48.15
Costs for Court-reporter.................. $718.84
**TOTAL** **$766.99**

[ILWU Bill of Costs at 2.]

### A.   Deposition Expenses

Section 1920(2) allows for the taxation of "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case[.]"  In addition, Local Rule 54.2(f)2. states, in pertinent part:

> The cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable.  A deposition need not be introduced in evidence or used at trial, so long as, at the time it was taken, it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery. . . .

HC&S provided an invoice for the $1,006.90 it incurred for the original and one copy of Plaintiff's deposition.  [Exh. B to HC&S Bill of Costs.]  ILWU provided an invoice for the $718.84 it incurred for its copy of Plaintiff's deposition.  [Exh. 3 to Covert Aff.]  Clearly, the deposition of a party is necessary for trial preparation and is not mere discovery.  This Court therefore RECOMMENDS that the district judge GRANT HC&S's and

15

ILWU's deposition expenses.

**B.    Copying Expenses**

Section 1920(3) allows for taxation of "[f]ees and disbursements for printing".  In addition, Local Rule 54.2(f)4. states:

> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied.  The practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable.  The cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not allowable.

**1. HC&S's Copying Expenses**

HC&S submitted a list of the in-house copies counsel made in this case.  [Exh. C to HC&S Bill of Costs.]  Each entry include the date the copies were made, the per page rate, the number of copies, and for the most part, a description of the documents copied.  The Court notes that the description for the March 8, 2007 copies merely states "copy docs" and there is no description for the August 27, 2007 copies.  HC&S has not submitted sufficient information for this Court to determine if these copies were necessarily obtained for use in this case and were not merely for HC&S's or counsel's convenience.  This Court therefore RECOMMENDS that the district judge DENY $46.50 of HC&S's copying costs WITHOUT PREJUDICE.

16

HC&S also charged $0.20 per page for sixty-two pages of counsel's in-house copies.  This exceeds the maximum allowable rate of $0.15 per page.  See Local Rule LR54.2(f)4.  This Court therefore RECOMMENDS that the district judge DENY $3.10 of HC&S's copying costs WITH PREJUDICE.

The Court finds that the remaining in-house copying costs were reasonable and necessarily incurred for trial preparation in this case and were not incurred merely for the convenience of HC&S or counsel.

HC&S also submitted documentation for $6.90 that it expended to obtain a copy of Plaintiff's Hawaii Civil Rights Commission file.  [Exh. C to HC&S Bill of Costs.]  The Court finds that the charge is reasonable and that these copies were necessarily obtained for use in this case and were not for mere convenience.  The Court RECOMMENDS that the district judge GRANT HC&S $378.80 in in-house copying costs and $6.90 in outside copying costs.

## 2.   **ILWU's Copying Expenses**

ILWU's counsel made 321 copies in-house at a rate of $0.20 per page, but it has adjusted its cost request in light of the $0.15 per page maximum rate.  [Covert Aff. at ¶¶ 3-4.] ILWU's supporting documentation states the amount expended for copying on various dates.  [Exh. 3 to Covert Aff.]  ILWU, however, does not identify the specific documents copied or the

17

purpose for each copies.  Counsel states generally that the copies were "necessarily obtained for use in this case . . . . [and] included potentially discoverable documents and copies for filings with the court and for service.  The copied documents were used or intended to be used by defendant's counsel to prepare for disclosure and discovery and prepare and respond to court filings."  [Covert Aff. at ¶ 3.]  The Court finds that the ILWU Bill of Costs does not comply with Local Rule 54.2(f)4., and therefore recommends that the district judge DENY ILWU's copying costs WITHOUT PREJUDICE.

    **C.**    **Summary of Taxable Costs**

HC&S has established that the following costs are taxable:

| | |
|---|---:|
| Court Reporter (deposition) Fees | $1,006.90 |
| In-House Printing Costs | $373.80 |
| Outside Printing Costs: | $6.90 |
| TOTAL = | $1,387.60 |

ILWU has established that its court reporter fees of $718.84 are taxable.

    **D.**    **Plaintiff's Financial Situation**

Plaintiff argues that any award of costs will harm his financial situation.  [Objections at ¶ 8.]  While this Court appreciates that an award of over $2,000.00 in costs may seem large to Plaintiff, the Court declines to reduce the award based on Plaintiff's financial situation.  Plaintiff has not presented sufficient evidence to overcome the presumption that the

18

prevailing parties are entitled to their full taxable costs. See, e.g., Yasui v. Maui Elec. Co., Ltd., 78 F. Supp. 2d 1124, 1130-31 (D. Haw. 1999) (awarding $5,000.00 in taxable costs, although the defendants were entitled to over $9,000.00 in costs, because the plaintiff was terminal due to an inoperable malignant brain tumor, could no longer work, and faced substantial medical costs).

The Court therefore RECOMMENDS that the district judge DENY Plaintiff's Objections and TAX costs against Plaintiff and for HC&S in the amount of $1,387.60, and against Plaintiff and for ILWU in the amount of $718.84.

## CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that: 1) HC&S's Motion for Attorneys' Fees and Related Non-Taxable Expenses, filed on January 11, 2008, be DENIED; and 2) Plaintiff's Objections to HC&S's Bill of Costs, filed January 30, 2008, and Plaintiff's Objections to ILWU's Bill of Costs, filed January 30, 2008, be DENIED.  The Court, however, RECOMMENDS that the district judge: 1) TAX costs against Plaintiff and for HC&S in the amount of $1,387.60; 2) TAX costs against Plaintiff and for ILWU in the amount of $718.84; 3) DENY HC&S's copying costs incurred on March 8, 2007 and August 27, 2007 WITHOUT PREJUDICE; 4) DENY $3.10 of HC&S's copying costs, representing the amount billed in

19

excess of the $0.15 per page maximum rate, WITH PREJUDICE; and 5)

DENY ILWU's copying costs WITHOUT PREJUDICE.

      IT IS SO FOUND AND RECOMMENDED.

      DATED AT HONOLULU, HAWAII, June 30, 2008.



            /S/ Leslie E. Kobayashi
           Leslie E. Kobayashi
           United States Magistrate Judge

**RONALD HENDERSON V. ALEXANDER & BALDWIN, INC., ET AL; CIVIL NO. 07-00101 DAE-LEK; REPORT OF SPECIAL MASTER ON HC&S'S MOTION FOR ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES AND PLAINTIFF'S OBJECTIONS TO HC&S' BILL OF COSTS AND ILWU'S BILL OF COSTS**